STATE OF NORTH CAROLINA v. LESTER SHAW NORTON

No. 7216SC147

(Filed 29 March 1972)

1. **Assault and Battery § 14— assault with firearm on police officer — sufficiency of evidence**
   The State's evidence was sufficient to be submitted to the jury on the issue of defendant's guilt of assault with a firearm on a police officer where it tended to show that a police officer answered a call with respect to a disturbance at a private residence, that defendant pointed a pistol at the chest of the officer while the officer was

State v. Norton

within reaching distance of defendant, and that defendant stated that he would shoot everybody standing there if they did not make his wife come out of the residence.

2. **Assault and Battery § 17; Indictment and Warrant § 8— assault on police officers — one-count indictment — concurrent sentences**

Where a one-count bill of indictment for assault with a firearm on a police officer named three officers as victims of the assault, and three separate concurrent sentences were imposed for the assaults, the appellate court *ex mero motu* will strike the last two sentences from the judgment.

APPEAL by defendant from judgment of *Canaday, Judge,* August 1971 Session, SCOTLAND Superior Court.

The defendant was tried on a bill of indictment charging him with assault with a deadly weapon, namely, a pistol, on 11 April 1970, upon three police officers and threatening to kill them. The defendant entered a plea of not guilty and from a jury verdict finding him guilty as charged, judgment was entered. The judgment imposed a sentence of not less than three nor more than five years on the charge of an assault with a firearm on Officer Quick; a term of two years for the assault on Officer Bristow and a term of two years for the assault upon Officer Priest, with all sentences to run concurrently. From the imposition of this judgment the defendant appealed.

*Attorney General Robert Morgan by Assistant Attorney General Lester V. Chalmers, Jr., for the State.*

*J. Robert Gordon for defendant appellant.*

CAMPBELL, Judge.

[1] The only question presented by this appeal is whether the evidence on behalf of the State was sufficient to warrant its submission to the jury and upon which to base a verdict of guilty. The defendant was tried, convicted and sentenced for three violations of North Carolina General Statutes 14-34.2 which reads:

> "Any person who shall commit an assault with a firearm upon any law-enforcement officer or fireman while such officer or fireman is in the performance of his duties shall be guilty of a felony and shall be fined or imprisoned for a term not to exceed five years in the discretion of the court."

Upon this record the evidence is to be taken in the light most favorable to the State and the State must be given every reasonable intendment and every reasonable inference to be drawn therefrom. *State v. Murphy,* 280 N.C. 1, 184 S.E. 2d 845 (1971).

The evidence in this case when considered under this rule tends to show:

On the afternoon of April 11, 1970, N. W. Quick was Assistant Chief of Police of Laurinburg. He was on duty when he received a call to go to the Breeden home at 2:45 p.m. When he arrived there he found two other members of the Laurinburg Police Department, Officers Bristow and Priest, present. The patrol car operated by Officer Bristow was in the driveway. Bristow was standing in front of his automobile and Officer Priest was in the yard in front of the defendant. The defendant had a pistol in his hand and was pointing it at the two officers. Chief Quick stopped his automobile in the street in front of the house and walked up in the yard towards the other officers and the defendant. Chief Quick inquired of the defendant as to what the trouble was and the defendant informed him that his wife was in the house and that he had already shot Woody Breeden and would shoot everybody standing there, including the Officers and Chief Quick if they did not make his wife come out. During this time the defendant pointed the pistol at the chest of Chief Quick. Chief Quick was in reaching distance of the defendant and not only could see the pistol clearly but could see the bullets in it. Sometime later the defendant was informed that his wife had gone out the back door of the house; thereupon, the defendant gave the pistol to Chief Quick.

In our opinion this evidence is sufficient to be submitted to the jury for the offense charged. The charge of the Court to the jury was not brought forward in the record, and it is therefore presumed to be free from error and that the jury was properly instructed as to the law arising upon the evidence. *State v. Murphy, supra.*

[2]  It is noted that the bill of indictment contained only one count while including the names of three police officers and three sentences were imposed. This is improper, and this Court *ex mero motu* will strike the last two two-year concurrent sen-

tences from the judgment. The result is that the defendant stands convicted of an assault with firearms upon Assistant Chief of Police Quick for which a sentence of not less than three nor more than five years was imposed. As thus modified, the judgment in the trial court is affirmed.

Modified and affirmed.

Judges BRITT and GRAHAM concur.