State v. Thomas

STATE OF NORTH CAROLINA v. JAMES C. THOMAS, SR.

No. 7512SC803

(Filed 18 June 1976)

1. Assault and Battery § 11; Indictment and Warrant § 8— assault with deadly weapon on police officer — one crime only charged

The trial court did not err in refusing to strike the words "deadly weapon" from the bill of indictment charging defendant with assaulting ". . . a deputy sheriff . . . with a deadly weapon, to wit: a shotgun while [he was] engaged in his official duties as a deputy sheriff," since the indictment clearly charged defendant only with a violation of G.S. 14-34.2, assault with a firearm on a police officer while such officer was in the performance of his duties, and not in addition with a violation of G.S. 14-33(b)(1), assault with a deadly weapon.

2. Assault and Battery § 11— assault with firearm on police officer in performance of his duties — sufficiency of indictment

In a prosecution for assault with a firearm on a police officer while he was engaged in the performance of his duties, the indictment specified adequately the official duty being performed by the officer where it stated that he was answering a call at a given address concerning a domestic problem.

3. Criminal Law §§ 102, 138— punishment provision of statute — reading to jury proper

Defendant is entitled to a new trial where the court permitted defense counsel to read to the jury only the first portion of G.S. 14-34.2, which specifies the elements of the offense charged, but refused to permit him to read to the jury the portion of the statute fixing the punishment.

APPEAL by defendant from Bailey, Judge. Judgment entered 19 June 1975 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 23 January 1976.

Defendant was indicted for assault with a firearm upon a law-enforcement officer while such officer was in the performance of his duties, a violation of G.S. 14-34.2.

The State presented the testimony of John F. Conerly, a deputy sheriff of Cumberland County, who testified that on 12 April 1975 he was called during the course of his duties to defendant's home on a domestic problem. He did not have a warrant. Upon arrival, defendant's wife invited him into the house. Defendant asked the officer if he had a warrant and, upon being informed that he did not, told the officer to leave the house. Conerly complied and explained to defendant's wife that if she wanted to talk to him she would have to accompany him outside. As the officer was opening the door to leave, he felt an object in his back. He turned around slowly and observed defendant pointing a shotgun at him. Defendant told the officer "to get out of his house or he was going to kill [him]." Conerly backed out of the house, reached his patrol car, and radioed for assistance. Defendant's wife went with the officer to the magistrate's office, where Conerly obtained a warrant against defendant.

Defendant testified that he was cleaning his son's shotgun on the day in question but denied pointing the gun at the officer or threatening to kill him. Defendant's wife testified that her husband did not point a gun at the officer and stated that she did not see a gun in her husband's hand at any time while the officer was there.

The jury found defendant guilty, and from judgment imposing a prison sentence, defendant appealed.

*Attorney General Edmisten by Assistant Attorney General Roy A. Giles, Jr., for the State.*

*Seavy A. Carroll for defendant appellant.*

PARKER, Judge.

[1] Defendant assigns error to the court's refusal to strike the words "deadly weapon" from the bill of indictment. Defendant maintains his motion to delete "deadly weapon" amounted to a motion to quash for duplicity, contending the indictment charged two offenses in one count, to wit: (1) assault with a deadly weapon, a violation of G.S. 14-33(b)(1), and (2) assault with a firearm on a police officer while such officer was in the performance of his duties, a violation of G.S. 14-34.2. We find no error in the court's ruling in this regard. The indictment in essence charges that defendant did "assault . . . a deputy sheriff . . . with a deadly weapon, to wit: a shotgun while [he was] engaged in his official duties as a deputy sheriff." This

clearly charges the defendant only with a violation of G.S. 14-34.2. See, *State v. Norton,* 14 N.C. App. 136, 187 S.E. 2d 364 (1972). G.S. 14-33(b) expressly provides that it applies "[u]nless [defendant's] conduct is covered under some other provision of law providing greater punishment." G.S. 14-34.2 does provide greater punishment.

**[2]** Defendant also assigns error to denial of his motion to quash the indictment for its failure to specify adequately the official duty being performed by Officer Conerly. Again, we detect no error, finding sufficient particularity in the language of the indictment which states that the officer was "engaged in his official duties as a deputy sheriff, to wit: answering a call at 309 Richmond Drive, Fayetteville, North Carolina, concerning a domestic problem."

**[3]** During his jury argument, defense counsel attempted to read G.S. 14-34.2 to the jury. The court permitted him to read only the first portion of the statute, which specifies the elements of the offense, and refused to permit him to read to the jury the portion of the statute fixing the punishment. In this there was error. "Counsel may, in his argument to the jury, *in any case,* read or state to the jury a statute or other rule of law relevant to such case, *including the statutory provision fixing the punishment for the offense charged.*" (Emphasis added.) *State v. Britt,* 285 N.C. 256, 273, 204 S.E. 2d 817, 829 (1974). However, "[t]his does not mean that a defendant should be permitted to argue that because of the severity of the statutory punishment the jury ought to acquit, to question the wisdom or appropriateness of the punishment, or to state the punishment provisions incorrectly. *State v. Britt, supra; State v. Dillard,* 285 N.C. 72, 203 S.E. 2d 6 (1974). Nor should either the state or the defendant be allowed to speculate upon the outcome of possible appeals, paroles, executive commutations or pardons." *State v. McMorris,* 290 N.C. 286, 225 S.E. 2d 553 (filed 17 June 1976).

For the error in the court's refusing to permit defense counsel to read the punishment provision in the statute to the jury, defendant is entitled to a

New trial.

Chief Judge BROCK and Judge ARNOLD concur.